UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN RAUCCI,

                Petitioner,

  v.
                                                    9:16-CV-0031
                                                    (BKS)
MICHAEL KIRKPATRICK,

                Respondent.
_____

APPEARANCES:

HANCOCK, ESTABROOK LAW FIRM        ALAN J. PIERCE, ESQ.
Attorneys for Petitioner
100 Madison Street, Suite 1500
Syracuse, NY 13202

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Steven Raucci, through his attorney, Alan J. Pierce, filed a petition for a writ of habeas corpus and several exhibits pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibit A; Dkt. No. 1-2, Exhibit B; Dkt. No. 1-3, Exhibit C. Counsel also submitted a memorandum of law. Dkt. No. 2, Petitioner's Memorandum of Law in Support of his Petition for a Writ of Habeas Corpus ("Mem.").[1] Petitioner paid the required filing fee. For the reasons that follow, this action is dismissed without prejudice.

---

[1] The memorandum of law exceeds the page limit permitted under the Local Rules. N.D.N.Y. L.R. 72.4(a) ("No memoranda of law filed in Habeas Corpus proceedings shall exceed twenty-five (25) pages in length, unless the party filing the memorandum of law obtains leave of the judge hearing the motion prior to filing."). Petitioner's counsel did not seek permission to file an oversized brief. Because this action is being dismissed without prejudice, the memorandum will not be stricken from the docket.

## II.     THE PETITION

Petitioner challenges a June 8, 2010 judgment of conviction, following a jury trial in the Schenectady County Court, of first degree arson and other, related charges. Pet. at 1.[2] He states that on June 27, 2013, the Appellate Division, Third Department, affirmed his conviction, and that on March 11, 2014, the New York Court of Appeals denied leave to appeal. Pet. at 2. Petitioner further states that on June 5, 2015, he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §440.10 in the Schenectady County Court, and that on January 6, 2016, the motion was denied. *Id.* at 3, 13. Petitioner "intends to seek reargument and leave to appeal the denial of his 440 Motion." Dkt. No. 2, Mem. at 12; *see* Pet. at 8, 17 (stating that a motion for leave to appeal from the denial of his CPL 440 motion will be made to the Appellate Division, Third Department.).

Petitioner raises the following grounds for federal habeas relief: his Sixth Amendment right to confrontation was denied (Ground One); trial counsel was ineffective (Ground Two); the denial of petitioner's motion to suppress evidence seized from a briefcase violated petitioner's "4th Amendment Rights" (Ground Three); the trial court's decision to admit into evidence petitioner's oral statement violated his rights under the "5th & 6th Amendments" (Ground Four); the application of Penal Law 150.20(1) "for Arson/First Degree for Count 1 of the Indictment on the Facts of this Case Violates Raucci's Due Process and Equal Protection Rights under the United States Constitution" (Ground Five). Pet. at 5-12, 16-18. Petitioner asks the Court to vacate the judgment of conviction and remand the case to state court for

---

[2] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

further proceedings. *Id.* at 15. For a complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

3

Part of Ground Two and all of Ground Five of the petition remain unexhausted. Petitioner raised some of his ineffective assistance of counsel claims in Ground Two on direct appeal, but he also appears to be raising the ineffective assistance claims set forth in his CPL §440 motion. *See* Pet. at 7 ("See Additional Grounds - EXH. C").[3] Ground Five was also raised in petitioner's CPL §440 motion, which was denied on January 6, 2016. Pet. at 3. As noted, petitioner states that he "intends to seek reargument" and that a motion for leave to appeal the denial of his CPL §440 motion "will be made." Pet. at 17; Mem. at 12. Based upon petitioner's papers, he has not presented Grounds Two and Five to the highest state court capable of reviewing them and, accordingly, those grounds are unexhausted.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000); *see* CPL §450.15(1) (providing that a defendant may seek a certificate granting leave to appeal from the denial of a CPL §440.10 motion); CPL §460.10(4)(a) ("Within thirty days after service upon the defendant of a copy of the order sought to be appealed, the defendant must make application, pursuant to section 460.15, for a certificate granting leave to appeal to the intermediate appellate court."). It is not futile to require petitioner to complete exhaustion of his state court remedies prior to pursuing a federal habeas petition.

---

[3] The Court notes that Rule 2 (c)(1) and (2) of the Rules Governing Section 2254 Petitions in the United States District Courts ("Habeas Rules") require that a petitioner state all grounds for relief, and facts supporting those grounds, in the petition. Incorporating grounds by reference is therefore disfavored.

4

The Court also declines to sua sponte stay this action pending exhaustion of Grounds Two and Five because doing so would be inappropriate. When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the court may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court has instructed, however, that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stays should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 275, 277.

Here, petitioner alleges no facts that would support a finding of good cause for failing to fully litigate all of his claims in the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277. This Court also agrees that federal courts should not be turned into a "jurisdictional parking lot" for unexhausted claims. *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (quoting *Baity v. McCary*, No. 1:02-CV-1817, 2002 WL 31433293 at *2 (S.D.N.Y. Oct. 31, 2002)).

In sum, the exhaustion requirement has not been met, and the petition is dismissed without prejudice to petitioner re-filing it once his state court remedies are exhausted. *Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any

5

procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5] Any further request for a COA must be addressed to

---

[4] Under the AEDPA, federal habeas petitions challenging a state court judgment are subject to a one-year statute of limitations. The one-year period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of section 2244(d)(1)(A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzales v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548; *Smith v. McGinnis,* 208 F.2d 13, 16 (2d Cir. 2000).

Based upon petitioner's papers, the New York Court of Appeals denied leave to appeal from the Appellate Division's decision affirming his conviction on March 11, 2014. Pet. at 3. His conviction became final ninety days later, on June 9, 2014. The statute of limitations ran from June 9, 2014 until June 5, 2015, the date petitioner states he filed his CPL §440 motion, for a total of 361 days. Pet. at 3, 13; Mem. at 11. The statute of limitations was tolled by the filing of the CPL §440 motion, and remains tolled until either: (1) the time to seek leave to appeal from the denial of the CPL§ 440 motion expires (*see* CPL §460.10(4)(a)); or (2) the date the Appellate Division decides any motion for leave to appeal. 28 U.S.C. §2244(d)(1)(A); *Saunders*, 587 F.3d at 548 (explaining that "[i]n *Bennett* [*v. Artuz,* 199 F.3d 116, 120 (2d Cir. 1999)], we held that a § 440.10 motion is 'pending' for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal the Appellate Division's denial of the motion."). To avoid problems with the statute of limitations, petitioner should **PROMPTLY** re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies.

Finally, the Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

[5] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").

6

the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on petitioner's counsel in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: January 15, 2016

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge